United States District Court
Southern District of Texas
**ENTERED**
March 04, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| DANIELA ALEXANDRA GARCIA, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 1:16-cv-00293 |
| | § | |
| MICHAEL R. POMPEO, SECRETARY | § | |
| OF STATE, ET AL., | § | |
| Defendants. | § | |

## ORDER GRANTING MOTION TO ABATE AND DISMISSAL

Before the Court are "Defendant's Motion to Abate Administrative Review" ("Motion") (Dkt. No. 67), Daniela A. Garcia's ("Plaintiff") "Plaintiff's Opposition to Defendants' Motion to Abate or to Reconsider Prior Order" (Dkt. No. 70), "Defendant's Supplemental Briefing" (Dkt. No. 72), "Petitioner's Response to Court Order of October 21, 2020" (Dkt. No. 73), "Defendant's Advisory to the Court" (Dkt. No. 75), and "Petitioner's Counter Advisory" (Dkt. No. 76).

For the reasons below, Defendant's Motion (Dkt. No. 67) is GRANTED. This cause of action (Dkt. No. 1) is **DISMISSED** for lack of subject-matter jurisdiction. The Clerk of Court is **ORDERED** to close the case.

This Court found Defendant's failure to act on Plaintiff's August 27, 2013, application for a certificate of identity (COI) "constituted a 'final agency action' under the APA." Dkt. Nos. 47, 57. As a result, this Court found jurisdiction existed under the Administrative Procedure Act exclusively for the COI application. *See* Dkt. No. 47. In response to a Defense motion (Dkt. No. 52) to limit this Court's review to the administrative record, this Court clarified its previous order (Dkt. No. 47). This Court ordered Defendant "to issue a ruling" on Plaintiff's COI application within 60 days. Dkt. No. 57.

Defendant complied and cured its failure by guaranteeing issuance of a COI to Plaintiff. *See* Dkt. Nos. 67-2. Defendant then moved this Court to abate administrative review of the record or reconsider its prior holding Defendant had waived the exhaustion of administrative remedies defense. *See* Dkt. No. 67. This Court abated ruling on Defendant's Motion (Dkt. No. 67) until February 1, 2021 to allow Plaintiff time to visit the U.S. Consulate in Matamoros, Mexico ("Consulate") and receive a COI. *See* Dkt. No. 74.

1

Plaintiff elected to not visit the Consulate to receive a COI by February 1, 2021. *See* Dkt. Nos. 75, 76. Plaintiff objects to standard language in the COI she considers "ultra vires" and refuses to visit the Consulate to receive a COI until Defendant promises to remove this language. *See id.* Defendant refuses to remove any language from the COI and treat Plaintiff differently from any other applicant. *See id.* Plaintiff requested Defendant deny her issuance of the COI if it will not remove the language to which she objects. *See* Dkt. No. 76-1.

This Court now finds Plaintiff's refusal to visit the Consulate to receive a COI constitutes failure to exhaust administrative remedies under 8 U.S.C. § 1503(b). Plaintiff argues the COI is "inappropriate" and waives "her right to seek admission as a U.S. citizen." Dkt. No. 76. This Court disagrees. The language to which Plaintiff objects does not bar Plaintiff admission into the United States or effectuate a waiver of rights. The decision to grant or deny issuance of a COI lies with Defendant. Defendant's refusal to modify the COI to meet Plaintiff's specifications or deny issuance of the COI at Plaintiff's request does not prevent Plaintiff from exhausting her administrative remedies. Because Plaintiff has failed to exhaust her administrative remedies, this Court lacks subject-matter jurisdiction to hear this cause of action.

For this reason, Defendant's Motion (Dkt. No. 67) is **GRANTED**. This cause of action (Dkt. No. 1) is **DISMISSED**. The Clerk of Court is **ORDERED** to close the case.

Signed on this 4th day of March, 2021.

_____
Rolando Olvera
United States District Judge

2